UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY STEVENSON,

                Petitioner,

                                    CIVIL ACTION NO. 05-CV-40073-FL
v.                                    HONORABLE PAUL V. GADOLA

PAUL H. RENICO,

                Respondent.

_____/

**ORDER DENYING MOTIONS FOR A CERTIFICATE OF APPEALABILITY
AND FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

      Petitioner has filed a motion for a certificate of appealability and a motion to proceed on appeal *in forma pauperis* concerning this Court's dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2254 on statute of limitations grounds.  Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

      A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable

1

or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal is warranted. *Id.*

As discussed in this Court's dismissal order, Petitioner's claims are barred by the one-year statute of limitations applicable to federal habeas actions. *See* 28 U.S.C. § 2244(d). Petitioner's convictions became final before the AEDPA's April 24, 1996 effective date. He was thus was required to file his habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2). Petitioner did not file his state court motion for relief from judgment (or his state habeas petition) until October, 2003. Thus, the one-year limitations period expired well before Petitioner sought state post-conviction or collateral review. Petitioner has not established that

2

the State created an impediment to filing his habeas petition or that his claims are based upon newly-

created rights or newly-discovered facts which would warrant habeas relief.  He has also not shown

that he is entitled to equitable tolling of the one-year period.

   The Court thus concludes that reasonable jurists would not find the dismissal of the habeas

corpus petition on statute of limitations grounds debatable.  Further, Petitioner has not made a

substantial showing of the denial of a constitutional right concerning his claims.  Accordingly, the

Court **DENIES** Petitioner's motion for a certificate of appealability.  Given this determination, the

Court also **DENIES** his motion for leave to proceed on appeal *in forma pauperis*, *see* Fed. R. App.

P. 24(a).

   **IT IS SO ORDERED.**


DATED: December 19, 2005      s/Paul V. Gadola
                 HONORABLE PAUL V. GADOLA
                 UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  December 19, 2005 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:    Raina I. Korbakis             , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:     Larry Stevenson     .

          s/Ruth A. Brissaud
          Ruth A. Brissaud, Case Manager
          (810) 341-7845